IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DONALD R. KINSEY                                                       PLAINTIFF

v.                          No. 4:23-cv-146-DPM

DEPARTMENT OF DEFENSE,
Defense Finance & Accounting
Service                                                                DEFENDANT

ORDER

Donald Kinsey is a disabled Army veteran with a long history of service in the federal government. He left government service in 2017 for health reasons. Over the next two years, Kinsey tried to get re-hired without success. He sues, alleging that he wasn't re-hired because he is disabled, and because he had previously filed a discrimination complaint. 29 U.S.C. §§ 791-794; 29 C.F.R. §§ 1614.103 & 1614.106.

The government seeks summary judgment. Kinsey responds that he wants summary judgment, too. But the Court must look at the substance of any paper rather than its title; and it's clear that Kinsey's motion for summary judgment is really a response to the government's. Most of the material facts are not disputed. Where there is some genuine dispute, the Court takes the record in the light most favorable to Kinsey. *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008).

*

Kinsey worked as a military pay technician in the Defense Finance & Accounting Service at Joint Base Lewis-McCord in Washington state from 2009 to 2017. Over the years his health declined. He developed prostate cancer and ankylosing spondylitis. In 2015, Kinsey applied for accommodations at work, which were denied. *Doc. 31 at 1*. He filed a formal complaint alleging discrimination. *Ibid.* Kinsey eventually resigned in 2017. With a smile Kinsey took as facetious, his boss Darryl Prester told Kinsey that he had a position for him if he chose to come back. *Doc. 1 at 16*.

After Kinsey resigned, he started re-applying for jobs as a military pay technician at Joint Base Lewis-McCord. He applied for a handful of openings between late 2017 and early 2019. *Doc. 1 at 10-13*. He got rejection after rejection. One of those was in the spring of 2019. He was not selected for the positions opened in Announcement 10445512. These openings were merit-based—no veteran preference. *Doc. 25-2 at 2-3*. Kinsey, and seventeen other applicants, had been deemed minimally qualified. *Doc. 25-3 at 2*. The candidates were ranked by human resources. Kinsey ranked tenth out of eighteen. *Doc. 25 at 3 & Doc. 25-4*. The three applicants selected all ranked higher than him. *Doc. 25-4 & Doc. 25-5 at 4*. Prester was the selecting official. He wasn't the person who ranked the candidates, but knew that Kinsey was disabled and had filed a discrimination complaint in the past. Prester

-2-

didn't know the disability status or EEO history of any of the other candidates. *Doc. 25-5 at 5-6*.

After he was not selected for any of the openings in Announcement 10445512, Kinsey filed another formal discrimination complaint. The only claim accepted for investigation was the spring 2019 rejection. *Doc. 1 at 6-8*. Three months later, Kinsey was offered a job at the base in Washington. This was for a position in Announcement 10291599, a slot he had applied for in September 2018. *Doc. 30-8*. Prester was also the selecting official in that hiring decision. *Doc. 30-7 at 4*. The government says this was a clean-up offer. The correct procedures had not been followed in passing over Kinsey for a 2018 slot because there was a veteran preference. By this point, Kinsey had moved home to Arkansas. He declined this job offer.

\*

A few preliminaries. Kinsey brings discrimination claims for every Joint Base Lewis-McCord job he did not get from 2017 to 2019. *Doc. 25-1 at 12*. Under federal law, Kinsey had to contact his EEO counselor within 45 days of each earlier non-selection. 29 C.F.R. § 1614.105; *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012). Nothing in the record shows he did so. As the government points out, the only evidence of Kinsey timely exhausting his administrative remedies was for the spring 2019 rejection. *Doc. 1 at 6-8*. So that's the only rejection that Kinsey can raise here.

There's also some murkiness about limitations, but the government has waived that issue. Kinsey appealed his agency's decision by seeking a hearing before an EEOC Administrative Law Judge. *Doc. 1 at 4*. But the record goes dark thereafter. It is unclear if or when the ALJ made a decision. That action (or inaction) would start the clock for filing suit. 29 C.F.R. § 407(c)-(g). The government, however, presses no limitations argument. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Harms v. Internal Revenue Service*, 321 F.3d 1001, 1006 (10th Cir. 2003). The Court therefore moves to the merits.

*

*First*, the disability discrimination claim. The Court assumes that the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973) rubric applies to Kinsey as a federal employee and that he has made a *prima facie* case. *Peebles v. Potter*, 354 F.3d 761, 766 n.4 (8th Cir. 2004); *but see Hittle v. City of Stockton*, 145 S. Ct. 759 (2025) (Thomas, J., dissenting from the denial of *certiorari* and surveying criticism of this rubric).

The deep issue is why he wasn't hired. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1046-47 (8th Cir. 2011) (*en banc*). And the answer is simply that Kinsey was ranked lower—based on resume content, demonstrated knowledge, skill, ability, education, experience, and interviews—than the other candidates for the 2019 position. *Doc. 25-5 at 4-5*. As long as employers don't weigh some unlawful

factor, they are best situated to make business judgments about who they hire. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 793 (8th Cir. 2011).

Kinsey leans hard on e-mails from Prester about the 2018 position. Prester asked HR whether Kinsey was a preferred candidate for re-hiring. *Doc. 30-2.* Because they involve the same decisionmaker, these e-mails are relevant in evaluating Prester's 2019 decision. Kinsey also relies on the timing of his clean-up offer for the 2018 position. It's true that the timing—a rejection, an EEOC claim, and then a job offer— is suspicious. It's also true that Prester hand-waves away his original denial of Kinsey for the September 2018 position. *Compare Doc. 30-7 at 4, with Doc. 25-5 at 7.* But the government has offered a full and complete explanation about why Kinsey was belatedly chosen for the September 2018 position. There was a bureaucratic oversight, which had to be corrected because Kinsey was a veteran, entitled to a hiring preference. *Doc. 30-7.*

Again, this case is about the 2019 non-selection. There was no veteran's preference for that job. And it is undisputed that Kinsey was not highly ranked among all applicants. Recall, too, that HR rather than Prester did the ranking. While all the circumstances about his 2018 non-selection, and his belated selection for that position, go into the mix, the government's reason for the 2019 decision remains challenged only indirectly.

Finally, Prester had no idea whether the candidates selected in 2019 had a disability or not. *Doc. 25-5 at 5-6*. The test for a similarly situated comparator at the pretext stage is rigorous. *Johnson v. Securitas Security Services USA, Inc.*, 769 F.3d 605, 613 (8th Cir. 2014). Kinsey cannot get to the jury on alleged disability discrimination in Prester's 2019 hiring decision unless he can point to a similarly situated and selected candidate who Prester knew wasn't disabled. Kinsey has not done so. His disability discrimination claim therefore fails.

*Second*, the retaliation claim. Kinsey also clears the *prima facie* bar here. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016). He engaged in a protected activity when he filed his disability-related discrimination complaint in 2015. His spring 2019 rejection was an adverse employment decision. Looking at the facts that favor him, an inference of retaliation could arise. But, considering the whole record, Kinsey hasn't offered sufficient evidence for a jury to conclude that the government's reason for rejecting him was mere pretext for a retaliatory decision. *Ibid*. Again, Kinsey was ranked tenth out of eighteen candidates for the three open 2019 slots. Prester did not know if the selected candidates had ever filed a discrimination complaint. *Doc. 25-5 at 7*. Last, the timing does not support a causal inference. Kinsey's 2015 complaint and his 2019 rejection are too far apart in time to show a causal connection. *Henderson v. Ford Motor Co.*, 403 F.3d 1026,

1036 (8th Cir. 2005); *Gipson v. Dassault Falcon Jet Corp*, 983 F.3d 377, 382-83 (8th Cir. 2020).

*

The government's motion for summary judgment, *Doc. 24*, is granted. Kinsey's motion for summary judgment, *Doc. 29*, is denied. Judgment will issue.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

8 April 2025